## FELIX O'DONNELL *vs.* SUSAN A. BROWN.

### JULY 9, 1913.

PRESENT: Johnson, C. J., Parkhurst, and Sweetland, JJ.

*(1)   Equity.   Patents.   Cloud on Title to Personal Property.*

Equity has jurisdiction to remove a cloud upon patent rights and to cancel a contract entered into between parties in relation thereto.

*(2)   Equity.   Contracts.   Receivers.*

Under an agreement respondent was to furnish complainant facilities for the perfection of certain inventions; was to promote the sale of the inventions and pay complainant a certain sum per week, as well as royalties from the future sale of the inventions, and complainant agreed to assign a one-half interest in the patents already granted him and upon the performance of the agreements of respondent to assign a similar interest in such other patents as he should take out while employed under the contract and to work for respondent in her shop until he had completed the inventions. It was further agreed that neither should grant any license or right relating to such patents or dispose of any interest in the same without consent of the other.

Complainant performed his agreements and continued to work on the inventions for three years when respondent losing faith in the inventions discontinued the manufacture and sale of the appliances; ceased to furnish facilities, sold her shop and notified complainant to remove his property therefrom, and ceased to pay him the weekly sums provided in the contract.

Complainant continued for five years to work on the inventions at his own expense and took out other patents and brought his bill seeking to remove the cloud upon his title, by the cancellation of the agreement.

*Held,* that respondent having repudiated the agreement it was inequitable that complainant should be bound by the restrictions against the sale of or the granting of licenses under, his interest in the patents.

*Held,* further, that the restrictions were unenforceable against complainant and constituted a cloud upon his title, entitling him to a cancellation of the contract.

*Held,* further, that the decree of the court appointing a receiver to take title to all inventions referred to in the agreement and to all rights in any patents conceived and devised by complainant since the agreement and to dispose of same and divide the proceeds among the parties, was not called for by any equitable principle, and would be reversed.

BILL IN EQUITY. Heard on appeal of complainant and sustained.

SWEETLAND, J.   This is a suit in equity to obtain the cancellation of a written contract existing between the com-

plainant and the respondent. The case was heard in the Superior Court upon bill, answer, replication and testimony. The case is before us upon an appeal from the final decree of the Superior Court.

It appears from the testimony that before February 4th, 1903, the complainant had obtained United States letters patent for a weft replenishing mechanism for looms, had applied for other letters patent for improvements in looms, and had conceived certain other additional improvements in loom mechanism; that on February 4th, 1903, the complainant and respondent entered into the contract in question whereby the respondent agreed to furnish in her machine shop the tools, machinery and materials necessary for the complainant to perfect his said inventions, to promote the manufacture and sale of said inventions, to pay the complainant a certain sum per week to be deducted from future royalties, and to pay to the complainant as a royalty a certain proportion of the amount received by her for the sale of said inventions and improvements, and the complainant agreed to assign to the respondent an undivided half interest in said letters patent, and if the respondent performed her agreements contained in the contract to assign to the respondent an undivided half interest in such other letters patent as he should take out while employed as specified in the contract, and to work for the respondent in her shop until he had completed said inventions. It was further agreed between the complainant and the respondent that neither would grant any license or right whatever under or relating to said patents or sell or dispose of the whole or any part of his or her interest in the same without the consent of the other.

In accordance with the provisions of the contract the complainant assigned to the respondent a half interest in all patents taken out by him prior to October, 1906, and the complainant continued to work on his inventions in the respondent's machine shop until October, 1906. It further appears from the testimony that in October, 1906, the respondent had lost confidence in the value of the complainant's inven-

tions; that she discontinued the manufacture and sale of all of the complainant's loom appliances; that she ceased to furnish him with the tools, machinery and materials necessary for the promotion of his inventions and the perfecting of said improvements in loom mechanism; that she sold her machine shop and notified the complainant to remove his personal property therefrom; that since October, 1906, she has discontinued the weekly payment to the complainant provided in said contract; and that she has provided no place for him to continue his work upon said inventions and improvements. These facts were admitted by the respondent at the hearing. Since October, 1906, the complainant has continued to work upon said inventions and improvements at his own expense and has become indebted to others in a considerable amount for money borrowed to enable him to continue his experiments upon said inventions and to perfect other improvements in loom mechanism; that previous to October, 1906, the complainant on his part performed all his agreements under the contract and since that time has been ready to carry out his part of said written agreement. Since October, 1906, the complainant has obtained letters patent for other inventions and improvements in loom mechanism. The complainant claims that he has been hindered and obstructed in his work, in obtaining the proper return for his inventions, in dealing with others who might be willing to assist him in perfecting said inventions, in assigning his interest under said letters patent and in granting licenses under said letters patent by reason of the cloud upon his title arising from the provisions of said written agreement. The prayer of the bill is that the court cancel said agreement and compel the respondent to assign and transfer to the complainant all her interest in said letters patent, inventions and improvements which she acquired under said contract. Although in his bill complainant asks for a reassignment to himself of all the interest which the respondent acquired under said contract, he now seeks merely the cancellation of the agreement and does not seek to disturb her in the owner-

ship of any interest which under said contract she acquired in said letters patent and inventions. After hearing, the Superior Court entered its decree cancelling said written agreement of February 4th, 1903, and also appointing a receiver to take the title to all the patents and inventions referred to in the agreement and to take the title to all rights and interests in any patents and inventions conceived and devised by the complainant since the date of said agreement and directing said receiver to sell or lease said patents, inventions, rights and interests and, after deducting from the proceeds of such sale or lease his fees and expenses, to pay one-half of the remainder of said proceeds to the complainant and one-half of said remainder to the respondent. The complainant has appealed from this decree and asks this court to modify said decree by striking out all portions thereof except that decreeing a cancellation of said contract between the complainant and the respondent.

The jurisdiction of equity is ample to remove a cloud upon the complainant's title to his interest in said patent rights, although the same is personal property, and to cancel said contract for that purpose. The question then is, does the provision of said contract that the complainant shall not sell or dispose of the whole or any part of his interest in said letters patent or grant any license or rights whatever under the same without the consent of the respondent constitute a cloud upon his title in the circumstances of the case? That is, are said restrictions an apparent incumbrance upon said title which is in fact invalid or the enforcement of which would be inequitable? Whether or not the respondent was justified in her conclusion, that the inventions of the complainant were a failure and that she could not with prudence continue the expenditure of money under her agreement, it is inequitable that she be permitted to withdraw from further obligation on said agreement and still insist that the complainant should remain bound by it. He was clearly without fault. She, on the other hand, repudiated and abandoned the contract. In these circumstances she can not enforce

against him the restrictions above referred to, and said restrictions become of no binding force and effect. They are provisions against alienation apparently valid, but really unenforceable and constituting a cloud upon the complainant's title. The complainant continued to have faith in the value of his inventions and was ready to expend his time and money in perfecting them. It is plain from the testimony that he is unable to carry on his work in that regard without the assistance of others. For nearly five years she had disregarded her agreements and had clearly abandoned the contract. The restrictions were unenforceable against him, and personally he might treat them as of no binding effect; but of necessity they would seriously embarrass him in dealing with others; they prevented him from using his interest in the patent rights to the best advantage, and he was entitled to have this cloud removed. Such must have been the determination of the justice in the Superior Court in providing in said decree for the cancellation of the contract. So much of said decree should be allowed to stand. In our opinion the rest of said decree cannot be sustained.

Under the facts in the case, there is no equitable principle which required the appointment of a receiver and the sale of the interests of both parties to the contract. Such proceeding was not necessary to protect the equitable rights of the respondent; it constitutes a hardship to complainant; it was not asked for by him; neither is it in the line of the relief which he seeks. Whatever of labor or money the complainant has expended since October, 1906, in perfecting the inventions covered by the letters patent which they owned in common, inures to her advantage. If the inventions are of value it might have been better for both, if together, under the agreement, they had continued to promote the manufacture, sale and use of said inventions. She, however, has been unwilling to do so. In these circumstances equity would not require that he should be prevented from making the best use that he can of the interests which he has. No equitable consideration in favor of the respondent requires

that more should be decreed for her advantage than to permit her to do the same. Moreover, it is by no means clear that any advantage has been given to her under the decree, although said decree works harm to him. It should be noted that in her answer the respondent has not asked, in the nature of a cross bill, that she be granted relief of this kind. The complainant came into court that he might more fully and freely enjoy his rights under the patents. He asked for specific relief; he should have been granted that, or relief of like nature. Or, if equity demanded, he should have been granted such relief conditioned upon some performance on his part, or his bill should have been dismissed. As the case stood upon the pleadings and the proof it was not a proper exercise of its equitable power for the court against his will to force upon the complainant such a disposition of his interests as is provided in the decree, leaving him in a worse position than when he came into court.

The complainant on Friday, July 11th, 1913, at ten o'clock A. M., may present to us the form of a decree to be entered in the Superior Court modifying the decree appealed from by striking out all of said decree except that portion providing for the cancellation of the written agreement between the complainant and the respondent of February 4th, 1903.

*Robert B. Dresser, Edwards & Angell,* for complainant.
*Henry E. Tiepke, Henry M. Boss, Jr.,* for respondent.